USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/6/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
F. FREDERIC FOUAD,

        *Plaintiff*,

  *-against-*

THE MILTON HERSHEY SCHOOL AND
SCHOOL TRUST, ELLIOT GREENLEAF
PC, PETER GURT, RALPH CARFAGNO,
ROBERT HEIST, VELMA REDMOND,
DAVID SALTZMAN, JAMES C.
KATZMAN, JAMES W. BROWN, M.
DIANE KOKEN, JAMES M. MEAD,
MELISSA L. PEEPLES-FULLMORE, JAN
LOEFFLER BERGEN, ANDREW S. CLINE,
and JARAD W. HANDELMAN,

        *Defendants.*
-------------------------------------------------------X

18 Civ. 5674 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff F. Frederic Fouad, a resident of New York, is an alumnus and advocate for reform of The Milton Hershey School. Defendant The Milton Hershey School is a Pennsylvania law charitable trust located in Hershey, Pennsylvania. Plaintiff has also sued members of the Board of the school, and a law firm that Plaintiff claims "switched sides" by representing the school after having given legal advice to Plaintiff.

Plaintiff claims that Defendants orchestrated a campaign to discredit, smear, and harass Plaintiff through ongoing litigation in Pennsylvania. In particular, Plaintiff complains that Defendants have abused the subpoena process, concealed and withheld evidence, suborned perjured testimony, and used pleadings as a vehicle of smear. Plaintiff also alleges that salaried Board members are enriched at the expense of abused children and Plaintiff, and that flawed governance has thwarted The Milton Hershey School's growth and harms poor children.

Plaintiff filed a summons with notice in New York state court on June 18, 2018. Three days later, Defendants removed the case to this Court. Three months after filing the summons, Plaintiff filed his complaint seeking damages on the grounds of *prima facie* tort, abuse of subpoena and process, breach of the covenant of good faith and fair dealing, outrageous conduct causing emotional distress, civil conspiracy to commit a tort, and breach of fiduciary duty.

Defendants assert that this Court has original jurisdiction over claims relating to subpoenas and orders entered in federal actions in the Middle District of Pennsylvania, and that there is diversity jurisdiction, because the only non-diverse Defendant was fraudulently joined. Plaintiff seeks remand because he only brings state causes of action. Defendants oppose remand and seek to transfer this action to the Middle District of Pennsylvania.

Judge Sullivan has already made clear that the Southern District of New York is not the proper forum to adjudicate the propriety of subpoenas issued in Pennsylvania. Refashioning a motion to quash as a lawsuit for abuse of process does not render this Court the proper forum for determining issues that have been or will be determined by another federal district court. The Court DENIES Plaintiff's motion to remand and GRANTS Defendants' motion to transfer.

## DISCUSSION

### I. Motion to Remand

The federal removal statute authorizes removal of a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

The Complaint lists only state causes of action. Still, the Court has federal question jurisdiction, as the state law claims involve "construction of federal law" and "the federal element is substantial." *Hodges v. Demchuk*, 866 F. Supp. 730, 733 (S.D.N.Y. 1994).

2

Plaintiff's grievances stem out of federal lawsuits in Pennsylvania. Plaintiff's claims require "determination of the meaning and application of federal law and related rules," because they involve assessing subpoenas and discovery orders issued by federal courts in ongoing actions, and counsel's representation of the Milton Hershey School in those federal actions. *Compare Martin-Trigona v. Brooks & Holtzman*, 551 F. Supp. 1378, 1382 (S.D.N.Y. 1982) *with Berisic v. Winckelman*, No. 03 CIV. 1810 (NRB), 2003 WL 21714930, at *3 (S.D.N.Y. July 23, 2003). Even the state law claims that do not involve abuse of process rest in large part on Defendants' actions in the federal lawsuits. (*See* Dkt. 45 ¶¶ 447, 478-79, 488.) This matter need not be identical to the cases in the Middle District of Pennsylvania for there to be federal question jurisdiction. The Court has original jurisdiction under either the summons or the complaint, but the inclusion of a "due process" claim in the initial pleading, the summons, further supports the propriety of Defendants' removal.

The Court need not determine whether there is diversity jurisdiction, since the Court has original jurisdiction. The Court notes, however, that the conclusory and nonspecific assertions against the only non-diverse party, Board Member David Saltzman, likely do not state a claim, suggesting that Saltzman was fraudulently joined. *See Pampillonia v. RJR Nabisco*, 138 F.3d 459, 461 (2d Cir. 1998). Plaintiff's only specific complaints against Saltzman are that Saltzman was a salaried Board member and refused to meet with Plaintiff. These are not actionable.

## II. Motion to Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . ." 28 U.S.C. § 1404(a). If an action could have been brought in the transferee district, courts have broad discretion to make determinations of convenience guided by factors which include:

3

(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).

**A. Analysis**

The present complaint could have been brought in the Middle District of Pennsylvania, which has federal question jurisdiction over the state law claims and personal jurisdiction over all the parties. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1391(b)(2).

**1. Plaintiff's Choice of Forum**

Plaintiff's choice of New York weighs against transfer, but carries limited weight because "the operative facts lack a meaningful connection to the chosen forum." *Ahrens v. Cti Biopharma Corp.*, No. 16 CIV. 1044 (PAE), 2016 WL 2932170, at *4 (S.D.N.Y. May 19, 2016).

**2. Convenience of Witnesses**

Most of the witnesses reside in Pennsylvania, including those involved with the Bartels and Dobson lawsuits—where Plaintiff claims Defendants "used pleadings as a vehicle of smear." (*See* Dkt. 45 ¶¶ 423-445.) Plaintiff names a few New York witnesses he intends to call, but these witnesses are far less central to the case than the Pennsylvania witnesses Defendants identify. *See Baytree Capital Assocs., LLC v. Quan*, No. 08 CIV. 1602 (LLS), 2008 WL 11322599, at *2 (S.D.N.Y. May 1, 2008). The convenience of witnesses weighs in favor of transfer.

**3. Location of Documents**

Most of the documents in this matter will be located in Pennsylvania, favoring transfer. The Milton Hershey School and the lawsuits at issue are located in Pennsylvania.

**4. Convenience of Parties**

11 out of the 15 Defendants reside in Pennsylvania. (Dkt. 45 ¶¶ 34-53.) Plaintiff and Defendant Saltzman reside in New York. (*Id.*) The convenience of the parties favors transfer.

4

### 5. Locus of Operative Facts

Practically all of the conduct Fouad complains of took place in the Middle District of Pennsylvania, not in New York. Fouad admits that the Milton Hershey School, located in Pennsylvania, is the "hub" of the alleged tortious conspiracy. (Dkt. 45 ¶ 34.) There are three lawsuits in Pennsylvania that form the basis for Plaintiff's allegations regarding abusive process, perjured testimony, concealed evidence, and using pleadings as a vehicle of smear. (*Id.* ¶ 253.) Any charitable asset misuse by the Board of the Milton Hershey School would have occurred in Pennsylvania, as Board meetings and approval of Board compensation occur in Pennsylvania. (Dkt. 45 ¶ 156; Dkt. 69 ¶¶ 13, 16.) The students who were allegedly harmed by the Milton Hershey School's practices would have been harmed in Pennsylvania. (Dkt. 69 ¶ 19.)

Plaintiff claims that he was barred from alumni events in New York and stalked in New York, (Dkt. 45 ¶¶ 12-16), but these allegations are ancillary to the claims that he raises. There is little to no connection between the operative facts and New York, and this factor favors transfer.

### 6. Availability of Process

This factor is neutral; neither party has stated that a witness would be unwilling to testify. *Pace v. Quintanilla*, No. 13 CIV. 91 RJS, 2013 WL 5405563, at *4 (S.D.N.Y. Sept. 23, 2013).

### 7. Relative Means of Parties

Plaintiff points to the amount of money Defendants have spent defending lawsuits against the Milton Hershey School to argue that the relative means of the parties weigh in favor of this Court retaining jurisdiction. But Plaintiff has been an active participant in those lawsuits of his own volition, even when he has not been a party. Indeed, Plaintiff touts his willingness to work endlessly on a *pro bono* basis to "sustain the David-versus-Goliath effort . . . for nearly two decades." (Dkt. 45 ¶ 162.) In any event, Plaintiff does not make representations about his

5

relative means beyond that it would be burdensome to travel to Harrisburg because he spends half the year in Tokyo.

While it may be true that The Milton Hershey School has greater resources than Plaintiff, Plaintiff has not shown that there is a greater burden to him to litigate this case in Pennsylvania than New York. *See Cain*, 2017 U.S. Dist. LEXIS 62724, at *15-16. This factor is neutral.

### 8. Other Factors

Trial efficiency and the interest of justice weigh in favor of transfer, as there is significant factual and legal overlap between this action and actions that have already been decided or are ongoing in the Middle District of Pennsylvania. *See Cain*, 2017 U.S. Dist. LEXIS 62724, at *11. Indeed, Plaintiff made a number of nearly identical arguments in a submission to the Middle District of Pennsylvania on a motion to compel. (*See* Dkt. 60 Ex. O.) Since the Middle District of Pennsylvania has already ruled upon many of the same issues Plaintiff seeks to relitigate here, (Dkt. 60 Ex. P), transferring this action will minimize the potential for conflicting results.

### CONCLUSION

The 28 U.S.C. § 1404(a) factors favor transfer. The Motion to Remand is DENIED and the Motion to Transfer is GRANTED. Plaintiff's motion for an order revoking the *pro hac vice* admissions of Jarad W. Handelman, Timothy T. Myers, and Christine M. Wechsler is moot.

The Clerk of Court is directed to terminate the motions at Dkts. 50 and 59, and to transfer this case to the United States District Court for the Middle District of Pennsylvania.

Dated: New York, New York  
February 6, 2019

SO ORDERED

*[signature]*

PAUL A. CROTTY  
United States District Judge

6